IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| AR DESIGN INNOVATIONS LLC,<br><br>    Plaintiff,<br>v.<br><br>BANG & OLUFSEN A/S,<br><br>    Defendant. | Case No. 2:24-cv-01055-JRG<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S MOTION TO COMPEL DEFENDANT BANG & OLUFSEN A/S TO PRODUCE DOCUMENTS**

Plaintiff Dynamic AR Design Innovations LLC ("ARDI" or "Plaintiff") hereby moves for an order compelling Defendant Bang & Olufsen A/S ("B&O" or "Defendant") to produce source code for the Accused Products—including, at minimum, the source code for the B&O AR Experience App—along with documents concerning their revenue, usage, and technical operation. The Court's Discovery Order in this case requires B&O to produce, "[w]ithout awaiting a discovery request," all documents "relevant to the pleaded claims or defenses involved in this action." Dkt. No. 28 ("Discovery Order") at 2-3. Yet, nearly three months after ARDI requested from B&O documents concerning source code, revenue, and usage information—and served interrogatories addressing the same—B&O still refuses to produce this critical material. This is despite ARDI repeatedly raising B&O's production deficiencies through email correspondence as well as during and after parties' meet-and-confer discussions. B&O's insufficient document production and its continuing refusal to produce documents and things is prejudicing ARDI's ability to litigate this case.

ARDI respectfully asks the Court to order B&O to comply with the Court's Discovery

1

Order and, within two weeks, produce:

(1) source code related to the Accused Products;

(2) documents sufficient to show revenue and usage information related to the Accused Products within the Relevant Period as defined in ARDI's interrogatories;

(3) technical documents relating to the use and operation of the Accused Products; and

(4) supplementation to B&O's responses to Interrogatory Nos. 1, 2, 3, 4, 13, 14, and 15.

## I.     RELEVANT FACTUAL BACKGROUND

The Discovery Order requires each party to provide "Additional Disclosures" to every other party "without awaiting a discovery request."[1] These Additional Disclosures include "all documents, electronically stored information, and tangible things . . . that are relevant to the pleaded claims or defenses involved in this action."[2] A party is "not excused" from making these disclosures by virtue of the fact that it "challenges the sufficiency of the opposing party's disclosure, or because another party has failed to comply."[3] On May 30, 2025, the Court also entered a Docket Control Order, requiring the parties to produce their Additional Disclosures on June 18, 2025. *See* Dkt. No. 25 at 4 (listing June 18, 2025 as the date for the parties to "Comply with Paragraphs 1 & 3 of the Discovery Order (Initial and Additional Disclosures)").

B&O did not produce any documents when it served its Initial Disclosures and Additional Disclosures. On July 9, 2025, B&O served its first document production ("July 9 Document Production.") The July 9 Document Production contained five agreements between B&O and a

---

[1] Dkt. No. 28 at 2.
[2] *Id.* at 3; *see also* L.R. CV-26(d) (explaining that relevant information for disclosure includes, *inter alia*, information that "would not support the disclosing parties' contentions"; "is likely to have an influence on or affect the outcome of a claim or defense"; "deserves to be considered in the preparation, evaluation, or trial of a claim or defense"; and "reasonable and competent counsel would consider reasonably necessary to prepare, evaluate, or try a claim or defense").
[3] Dkt. No. 28 at 8 (Paragraph 10).

2

third-party vendor who was responsible for designing and developing the predecessor version of the current B&O AR Experience App (some of which are merely different versions of the same agreement), along with thousands of pages of prior art references. On August 29, 2025, B&O served its second document production ("August 29 Document Production.") Notably, B&O's August 29 Document Production also contained a large number of duplicates of several agreements. In addition, neither of the July 9 Document Production nor the August 29 Document Production contained any documents related to the usage information and revenue of the Accused Products. As for technical materials, the August 29 Document Production only had a set of presentation slides depicting the user interface of the B&O AR Experience App and related user instructions. Finally, B&O has continued to refuse to produce the source code for the B&O AR Experience App, insisting that it does not possess the source code and the third-party vendor that helped develop the B&O AR Experience App is out of business.

On September 8, 2025, ARDI notified B&O via email the material deficiencies found in B&O's document production and its interrogatory responses and identified a list of relevant documents it expected B&O to produce. With respect to source code particularly, ARDI noted that although B&O claimed it "did not develop the accused AR Experience applications and does not retain the source code or other programming code that comprised them," agreements produced by B&O expressly state that any code developed under those agreements is B&O's property.[4]

On September 23, 2025, the parties met and conferred regarding deficiencies related to B&O's responses to ARDI's interrogatories and B&O's document production. During the meet

---

[4] Although the agreements concerned the older version of the B&O AR Experience App, B&O is still offering the current B&O AR Experience App in the U.S. and therefore it must have possession or access to its source code. ARDI also notes that B&O failed to produce any similar agreements related to the current version of the B&O AR Experience App.

and confer, B&O maintained that it does not possess the source code and that the third-party studio that designed and developed the B&O AR Experience App, OutHere AB (now South North Studios AB), is no longer in business, despite ARDI providing publicly available information demonstrating otherwise.[5] ARDI explained that the code necessarily exists because it remains in use to provide the accused functionality.  As a result of the meet and confer, B&O agreed to: (1) investigate issues related to source code and provide a status update no later than September 26, 2025; (2) supplement document production and interrogatory responses related to revenue and usage information by October 3, 2025; (3) supplement its interrogatory response to interrogatory No. 13 to identify any former B&O employee that were involved in the development of the B&O AR Experience App by October 3, 2025; and (4) supplement its interrogatory responses to interrogatory Nos.1-3 to include information relating to B&O AR Experience App's predecessor, BEOHOME Design App by October 3, 2025.

However, to date, B&O has continued to refuse to produce source code and other relevant documents that ARDI has requested.

## II.   B&O HAS FAILED TO COMPLY WITH ITS DISCOVERY OBLIGATIONS.

To date, B&O has continued to refuse to produce the source code related to the Accused Products, insisting that the third-party vendor that designed the B&O AR Experience App, a critical component of the Accused Products as alleged in the Complaint, is out of business and that B&O has not been able to contact said vendor.  However, either B&O or its third-party vendor has the source code, and it is B&O's, not ARDI, obligations under this Court's Discovery Order to obtain and produce said code.  B&O—a sophisticated corporation with nearly $400 million in

---

[5] As of October 10, 2025, South North Studio AB's website is still active and continue to advertise its work related to the B&O AR Experience App. *See Design Tomorrow: AR and E-commerce Unveiled*, SOUTH NORTH STUDIOS, https://www.southnorth.se/cases/bangolufsen-ar/ (last visited October 15, 2025).

revenue for the 2024–2025 fiscal year—undoubtedly has the resources to locate and produce the source code for a mobile application it continues to offer to customers in the United States.[6]

Similarly, to date, B&O has not produced any relevant financial records or customer usage data related to the Accused Products. Instead, it has produced only a few slides depicting the user interface design and brief instructions for using the B&O AR Experience App. B&O's deficient document production has prejudiced ARDI and will continue to prejudice ARDI in assessing infringement and damages.

### III.   CONCLUSION

Based on the foregoing, ARDI requests that the Court order B&O, within two weeks from the date this Court issues its order, to: (1) produce source code related to the Accused Products; (2) produce all documents containing revenue and usage information related to the Accused Products within the Relevant Period as defined in ARDI's interrogatories; (3) produce all technical documents relate to the use and operation of the Accused Products; and (4) supplement B&O interrogatory responses accordingly.

---

[6] *See* B&O, 2024/25 ANNUAL REPORT 14 (2025), accessible at https://ml-eu.globenewswire.com/Resource/Download/46a35410-7dce-4fb4-a4c6-1c9f347b6d85 (last visited October 15, 2025) (showing B&O's revenue for 2024-2025 was 2,553 million in DKK); *see also B&O AR Experience*, APP STORE, https://apps.apple.com/us/app/b-o-ar-experience/id1408625574 (last visited October 15, 2025) (showing B&O AR Experience is available for download on Apple's App Store); *B&O AR Experience*, GOOGLE PLAY, https://play.google.com/store/apps/details?id=com.bang_olufsen.ARexperience&hl=en_US (last visited October 15, 2025) (showing B&O AR Experience is available for download on Google's Google Play).

Dated: October 15, 2025

Respectfully Submitted,

*/s/ C. Matthew Rozier*

Jonathan L. Hardt (TX 24039906)\*
**ROZIER HARDT MCDONOUGH PLLC**
712 W. 14th Street, Suite A
Austin, Texas 78701
Telephone: (210) 289-7541
Email: hardt@rhmtrial.com

C. Matthew Rozier (CO 46854)\*
**ROZIER HARDT MCDONOUGH PLLC**
1001 Bannock Street, Suite 241
Denver, Colorado 80204
Telephone: (404) 779-5305; (202) 316-1591
Email: matt@rhmtrial.com

James F. McDonough, III (GA 117088)\*
**ROZIER HARDT MCDONOUGH PLLC**
659 Auburn Avenue NE, Unit 254
Atlanta, Georgia 30312
Telephone: (404) 564-1866
Email: jim@rhmtrial.com

***Attorneys for Plaintiff for AR DESIGN INNOVATIONS LLC***

\*Admitted to the Eastern District of Texas

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY on this day, October 15, 2025, I caused the foregoing document to be served on all counsel who are deemed to have consented to electronic service by electronic mail.

Dated: October 15, 2025

By: */s/ C. Matthew Rozier*
C. Matthew Rozier

**CERTIFICATE OF GOOD FAITH CONFERENCE**

Pursuant to Eastern District of Texas Local Rule CV-7(I), counsel have met and conferred telephonically on September 23, 2025 and at various times through email, but the Parties were unable to agree on Plaintiff's requested relief.

Dated: October 15, 2025

By: */s/ C. Matthew Rozier*
C. Matthew Rozier